UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Woodward and Peter Woodward, | No. 23-cv-632 (KMM/ECW) |
| Plaintiffs, | |
| v. | **ORDER** |
| Credit Service International Corporation and Richard Muske, | |
| Defendants. | |

On May 13, 2023, Plaintiffs filed a motion for attorney's fees and costs. [Dkt. 12.] The Court denied that motion without prejudice because Plaintiffs filed it without adequate factual support and instructed Plaintiffs to refile the motion promptly. [Dkt. 18.] Plaintiffs renewed their motion on May 25, 2023, supporting it with two declarations and a memorandum of law. [Dkt. 19–22.] On June 8, 2023, Defendants filed a response in opposition to the motion. [Dkt. 25.] The following day, Plaintiffs sent a letter to the Court concerning certain issues raised in Defendants' opposition. In Plaintiffs' letter, they request permission to file a reply, or in the alternative, for the Court to hold oral argument on the motion or to strike Defendants' opposition. The letter request is granted in part and denied in part as set forth below.

First, according to Plaintiffs' letter, the Court's May 24th Order denying the original fee motion without prejudice failed to account for instructions received by Plaintiffs' counsel when he contacted the undersigned's chambers to obtain a hearing date. To the extent Plaintiffs seek leave to file a reply concerning communications with

1

the Court's staff or to establish a record on the reasons why Plaintiffs filed the initial motion in the manner that they did, that request is denied. The Court will not deny any portion of a fee award based on the way that the initial filing was made and will disregard any suggestion in the Defendants' opposition that the manner of the initial filing should discount the recoverable fees in this matter.[1] Neither Plaintiffs, Defendants, nor the Court should spend any more time concerned with those issues.

Second, to the extent that Plaintiffs seek leave to file a substantive reply to the factual or legal basis for the Defendants' opposition to the motion the request is granted as follows. Plaintiffs may file a reply memorandum, provided that the combined word count of any such reply and the Plaintiffs' previously filed memorandum [Dkt. 22] do not exceed the word-count limitations established by Local Rule 7.1(f)(1). Plaintiffs must file a word-count compliance certificate along with any reply memorandum as required by Local Rule 7.1(f)(2). Plaintiffs may file a supplemental affidavit or declaration to accompany their reply. **Any reply memorandum and supporting materials shall be filed on or before June 23, 2023.**

Third, to the extent that Plaintiffs request that the Court strike Defendants' response, that request is denied. Finally, to the extent that Plaintiffs ask that this matter be set for a hearing and oral argument, that request is denied at this time. As previously stated, upon the receipt of all briefing, the Court will decide the matter on the written

---

[1] In its initial review of the briefing in this matter, the Court does not understand the Defendants to be arguing that Plaintiffs' request for fees should be denied or reduced because the Court found that the initial motion was not accompanied by factual support or a memorandum of law.

submissions alone, or set the matter for a hearing if the Court determines that a hearing is necessary.

Date: June 12, 2023

                                                      *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge