UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Lisa Woodward and Peter Woodward,<br><br>    Plaintiffs,<br><br>v.<br><br>Credit Service International Corporation and Richard Muske,<br><br>    Defendants. | No. 23-cv-632 (KMM/ECW)<br><br>**ORDER** |

This matter is before the Court on Plaintiffs' Counsel's ("Counsel") letter requesting permission to file a motion for reconsideration of the Court's Order granting in part Counsel's motion for attorney's fees. Letter (Dkt. 36); Order (Dkt. 35). For the reasons that follow, the request is denied.

Local Rule 7.1(j) requires a party seeking reconsideration of an order to obtain permission to file a motion for reconsideration. D. Minn. LR 7.1(j). A party is only granted permission to file such a motion when it has shown "compelling circumstances." *Id*. Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to afford a party 'an opportunity for relief in extraordinary circumstances.'" *United States v. Mustafa*, No. 14-cr-261(5) (JRT/BRT), 2021 WL

1

925561, at *1 (D. Minn. Mar. 5, 2021) (quoting *Shukh v. Seagate Tech., LLC*, No. 10-cv-404 (JRT/JJK), 2011 WL 2880726, at *1 (D. Minn. July 18, 2011)).

Counsel's letter does not explicitly address the standard for obtaining permission to file a motion for reconsideration. The Court has closely reviewed Counsel's letter, including the portions of the record to which it cites,[1] and concludes that it identifies no manifest errors of law or fact justifying granting permission to file a motion for reconsideration. Overall, the Court finds that Counsel's letter seeks to reargue matters the Court has already considered and presents primarily a disagreement with the Court's ruling.

However, one aspect of Counsel's letter deserves additional comment. Counsel argues that the Court erred in finding that Plaintiffs failed to offer a specific opinion "regarding the prevailing market rates in the Twin Cities legal community for comparable cases." Letter ¶ 1 (citing Order at 9). Of note, Counsel's second declaration states that the fees "sought in this Motion are in line with the median prevailing rate in the Twin City community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Second Giebel Decl. ¶ 27 (Dkt. 31). The Court agrees that Counsel's second declaration did identify an opinion regarding prevailing market rates. But the Court

---

[1] Giebel Decl. ¶¶ 11, 49, 50 (Dkt. 20); Second Giebel Decl. ¶¶ 25, 27 (Dkt. 31); Pls.' Mem. at 21–22 (Dkt. 22); Pls.' Reply at 16–17 (Dkt. 30). As it did when it issued the Order, the Court has also taken into consideration Counsel's arguments concerning defense counsel's rates as indicated in *Ricketson v. Advantage Collection Professionals, LLC*, No. 21-cv-2541 (WMW/ECW), 2023 WL 2136544, at *4 (D. Minn. Feb. 21, 2023), and the court's discussion of prevailing market rates in *Berscheid v. Experian Info. Solutions, Inc.*, No. 22-cv-086 (JRT/LIB), 2023 WL 3750182 (D. Minn. June 1, 2023). The Court has also noted Counsel's disagreement with footnote 1 on page 5 of the Court's Order, including Counsel's suggestion that it be redacted because it is "misleading" or "materially incomplete." (Letter ¶ 3.) The Court finds that this issue provides no basis for reconsideration of the Order.

nonetheless finds reconsideration of the Order on the motion for fees is unwarranted because the highlighted opinion does not change the calculus that led the Court to conclude that $350 per hour represents an appropriate rate for *this case*. The Court reached that conclusion primarily because this case involved an early resolution through an accepted offer of judgment and no litigation over the merits. It may be that in a case involving contested litigation comparable to what took place in *Berscheid*, or in other consumer litigation cited by Counsel, the full $450 hourly rate that Counsel requested in this matter would be appropriate. But the evidence that Counsel points to in his letter does nothing to alter the fact that this was a simple dispute with no litigation over uncomplicated merits that resolved quickly and without significant court involvement. And none of the evidence or argument in Counsel's letter convinces the Court that compelling circumstances exist to reconsider the Court's conclusion that $12,075.00 represents a reasonable attorney's fee for this matter.

Date: February 14, 2024                *s/Katherine Menendez*
                                       Katherine Menendez
                                       United States District Judge